**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EMCOR GROUP, INC., ET AL. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-12-142 |
| | * | |
| GREAT AMERICAN INSURANCE CO. | * | |
| | ****** | |

## **MEMORANDUM**

Emcor Group, Inc. and related entities ("Plaintiffs") has brought this action against Great American Insurance Company ("GAIC"). Plaintiffs seek recovery under the employee dishonesty provision of a commercial crime insurance policy issued to them by GAIC. Discovery has been completed, and plaintiffs have filed a motion for partial summary judgment and defendant has filed a motion for summary judgment. Defendant's motion will be granted, and plaintiffs' motion will be denied.[1]

In a memorandum issued by Judge Ellen Hollander, to whom this case was then assigned, on March 27, 2013, the claims asserted by plaintiffs were severely limited in time. The only remaining claim is one in the amount $1,305,000 for an unpaid loan made by The Poole and Kent Corporation ("PKC") to Regional Air Systems, Inc. ("RAS"). RAS completed the work under several-multi-million dollar subcontracts entered into by PKC with Air Conduction Systems, Inc., which subsequently became bankrupt.

---

[1] Also pending is a motion for sanctions filed by defendant. In accordance with the Local Rules of this court, that motion has not been fully briefed. It is denied as moot. If, however, plaintiffs pursue their claim despite the fact that it does not fall within the ambit of the employee dishonesty coverage, GAIC may renew the motion and plaintiffs will be directed to respond to it.

1

The factual record does not support plaintiffs' allegation that RAS was only a sham corporation.  Moreover, although it is possible that they did so, plaintiffs point to no evidence that W. David Stoffregen, Michael C. Forti, or any other employee of PKS siphoned off money from RAS that was loaned to RAS by PKC.  To the contrary, the record establishes that the loans were made for the purpose of enabling RAS to complete work under the subcontracts in issue.[2]  The completion of the work provided a benefit to PKC, which was obligated under its contracts with the owners to perform the work that was the subject of the subcontracts.  Therefore, the losses claimed by plaintiffs clearly did not arise from "employee dishonesty;" the record does not support any allegation that the losses arose from "dishonest acts committed by an 'employee' . . . with the manifest intent to . . . cause . . . [PKC] to sustain loss . . . [and] obtain financial benefit [for himself].[3]

GAIC also argues that it is entitled to summary judgment because plaintiffs did not comply with the policies timely notice and cooperation conditions and because the policy was cancelled as to Stoffregen in July 2003.  Because I find that the record clearly establishes that the loss claimed by plaintiff is not covered by the employee dishonestly provision, I need not decide those questions.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date:   June 12, 2014                    __/s/_____
                                          J. Frederick Motz
                                          United States District Judge

---

[2] It is to be noted that PKS continued to loan substantial monies to RAS after Stoffregen was fired.

[3] The parties have briefed the question of whether Maryland, New York, or Connecticut law applies.  They have not pointed to any material differences in the law of any of these jurisdictions.  Therefore, I need not decide the choice of law question.